IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. SOSINAVAGE,<br><br>        Plaintiff,<br><br>    v.<br><br>POLICE CHIEF JOHN SCOTT THOMSON, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 14-3292 (JBS-AMD) |
| LT. ANTHONY CARMICHAEL,<br><br>        Plaintiff,<br><br>    v.<br>POLICE CHIEF JOHN SCOTT THOMSON, et al.,<br><br>       Defendants. | Civil No. 14-3323 (JBS-AMD)<br><br>**MEMORANDUM ORDER** |

This matter is before the Court upon an undocketed letter application of one of the attorneys for Plaintiffs, Cheryl L. Cooper, Esquire, dated December 20, 2016, in the above-captioned cases, seeking a further enlargement of time to file opposition to the summary judgments filed by the Camden County Defendants on September 15, 2016, namely, Docket Item 71 in the Sosinavage case and Docket Item 63 in the Carmichael case.

The Camden County Defendants oppose Plaintiffs' counsel's application for more time in each case, see Docket Item 77 in

Sosinavage and Docket Item 69 in Carmichael. The Court, after reviewing the record, finds as follows:

1. Plaintiffs' attorney, Cheryl Cooper, filed these complaints in May, 2014, alleging discrimination in employment.

2. Pretrial discovery was managed by the Honorable Ann Marie Donio, U.S. Magistrate Judge, who was called upon to resolve discovery disputes, mostly arising from delay by Plaintiffs' counsel on frequent occasions. Judge Donio determined that Plaintiffs had received ample opportunity for discovery as to the Camden County Defendants and set the deadline of September 15, 2016 for dispositive motions concerning claims against the County Defendants [Sosinavage Docket Item 69; Carmichael Docket Item 61].

3. The Camden County Defendants timely filed their motions for summary judgment, as noted on the September 15, 2016 deadline date.

4. In addition to Ms. Cooper, plaintiffs are also represented by Paul D. Brandes, Esquire, whose appearance is entered upon each docket.

5. The return date for each summary judgment motion was October 17, 2016 before the undersigned. Plaintiffs' opposition was due fourteen days before the return date, that is, by October 3, 2016. On October 18, 2016, the Court granted a forty-five day extension in Sosinavage and a thirty day

extension in Carmichael for Plaintiffs to submit opposition. [Sosinavage Docket Item 74; Carmichael Docket Item 66]. Thus, Plaintiffs' opposition was due November 17, 2016 in Sosinavage and November 3, 2016 in Carmichael. The Court received nothing from Plaintiffs' counsel in either case prior to the original or extended deadlines.

6. Long after the expiration of the extended deadlines, attorney Cooper wrote to the Court on December 20, 2016 explaining a "medical condition" which is the basis of a further request for an additional extension of time in which to oppose the Camden County summary judgment motions. Ms. Cooper states that she had been home from work for over a week with pneumonia, returning on December 12, 2016, and working thereafter for only a few hours a day, and receiving additional medical treatment consisting of prescription medications. Her letter fails to explain why she was unable to comply with the Court's earlier extended deadlines that expired more than a month previously. She does not claim, for example, that she was unable to attend to this case at all times after September 15, 2016. Her letter also contains no explanation why her co-counsel of record, Mr. Brandes, did not submit opposition in her absence. As co-counsel, Mr. Brandes, is, of course, equally responsible for complying with this Court's Orders and Rules.

7. The Camden County Defendants oppose this request in both cases. First, counsel points out that Ms. Cooper did not contact defense counsel concerning this extension request prior to her seeking relief from the Court, which is the custom dictated by professionalism. Defense counsel also points out that these extension requests violate Local Civil Rule 6.1(a)(2), which mandates that an application for an extension of time "be served prior to the expiration of the period sought to be extended." Defense counsel demonstrates how this tardiness and nonchalance toward deadlines has become the rule for Ms. Cooper's representation in these cases. For example, in Sosinavage, when the late Judge Joseph Irenas denied Ms. Cooper's request for a second extension of time to submit opposition to the County Defendants' motion to dismiss on September 22, 2014, she proceeded to submit late opposition anyway. [Sosinavage Docket Items 13 & 14]. Later, facing the County Defendants' motion for sanctions, Ms. Cooper waited until nine days after the response was due to request an extension of time on May 27, 2015 [Sosinavage Docket Item 31]. Defense counsel points out that, as of December 20, 2016, Plaintiff has had approximately 100 days to file opposition to the County Defendants' motion for summary judgment. Defense counsel asserts that "plaintiff should no longer be excused from his consistent failure to comply with deadlines. The County is

4

entitled to have its motion heard and finally bring this litigation to conclusion." [Sosinavage Docket Item 77 at p.2]. Defense counsel further points out that in Sosinavage, Plaintiff has failed to comply with discovery obligations, forcing the County Defendants to seek relief from the Court on multiple occasions including Docket Items 48, 56, and 60. [Id. at p.2, n.1.]

8. Plaintiff's history of noncompliance is equally stark in the Carmichael case. Defense counsel points out [Carmichael Docket Item 69] the almost identical history of non-compliance with deadlines. Defense counsel reminds the Court of the earlier Order indicating that "the Court is not inclined to grant any additional extension requests filed after the deadline has passed." [Carmichael Docket Item 24]. Again, defense counsel asserts that the Camden County Defendants are in compliance with all of their discovery obligations, and that the motion has been ripe for a response to be filed for over 100 days.

9. Plaintiff, as the party seeking an enlargement of time, has the burden of showing good cause for such extension. Under Rule 6(b)(1), Fed. R. Civ. P., the Court may, for good cause, grant a request to enlarge time if the request "is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). However, if a motion to enlarge time is

made <u>after</u> the time has expired, the Court may extend only if both good cause and "excusable neglect" are shown. Fed. R. Civ. P. 6(b)(1)(B). The Court does not find good cause for a further enlargement of time, nor does the Court find "excusable neglect" justifying a further extension of time.

    10. Long before Plaintiff's counsel claimed any impairment or illness, she failed to comply with the ordinary requirements and deadlines of the Court requiring Court intervention in multiple instances. With regard to these present motions, plaintiff's counsel permitted, in each case, the extended deadline to pass without taking action of either filing opposition or showing good cause why a further extension was needed. Plaintiff's illness in mid-December, as described in her letter of December 20, 2016, is hardly sufficient to excuse her failure and the failure of co-counsel Paul Brandes to communicate with the Court. Apparently, there is only a one-week period of time when counsel was out of her office due to pneumonia. There is no indication that her physical condition prevented preparing a response throughout the 100 days that elapsed before she requested additional time on December 20th. Importantly, even if Ms. Cooper's medical condition was more severe than that indicated in her December 20th letter, there is no reason that co-counsel could not have complied with the Rules and submitted timely opposition within the generously-extended

period of time to do so.  At the very least, either attorney could have asked for another extension before the deadlines expired in November, after conferring with opposing counsel and attempting to show good cause.  It is not an option to sit and do nothing while deadlines expire, whether one is counsel or co-counsel in the matter.

11.  Plaintiff's counsel have also disregarded their obligations under Local Civil Rule 101.1(d) concerning adherence to schedules.  This Rule states as follows:

> All members of the bar of this Court and those specially permitted to participate in a particular action shall strictly observe the dates fixed for scheduling conferences, motions, pretrial conferences, trials, or any other proceedings.  Failure of counsel for any party, or of a party appearing pro se to comply with this Rule may result in the imposition of sanctions, including the withdrawal of the permission granted under L. Civ. R. 101.1(c) to participate in a particular action.  All applications for adjournment shall be made promptly and directly to the Judge or Magistrate Judge to whom the matter is assigned.

In failing to observe the dates fixed for motions, including the court-ordered extended deadlines for filing opposition to the motions, counsel breached their obligations under Local Civil Rule 101.1(d) where such noncompliance is unexcused.

12.  Moreover, filing these civil actions naming multiple defendants, making serious allegations against public entities, and failing to adhere to court deadlines throughout the two and

7

one-half year history of these cases, also fails to show compliance with Rule 1, Fed. R. Civ. P., as amended effective December 1, 2015. Importantly, the 2015 amendment placed the burden squarely upon the shoulders of the <u>parties</u>, together with the Court, to construe and administer and employ the Federal Rules of Civil Procedure, "to secure the just, speedy, and inexpensive determination of every action and proceeding." As explained by the Advisory Committee notes to the 2015 amendment,

> Rule 1 is amended to emphasize that just as the court shall construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage overuse, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure.

This means that adherence to the rules of procedure, and a reasonable application of those rules, is now also the duty of trial counsel. Trial counsel fails in that duty by engaging in procrastination and delay, without excuse, requiring adverse counsel to expend time, money, and energy simply to obtain the reasonable compliance to which they are entitled. This wastes valuable court time and falls short of the professionalism required of attorneys in this Court. Where the case suffers

8

from a long pattern of procrastination and missed deadlines, an aggravated situation exists.

13. Further, the Court finds that the Camden County Defendants are prejudiced by Plaintiffs' counsel's continuous and repeated delays. Defendants are indeed entitled to their day in court, they have duly filed a motion for summary judgment, and should expect reasonable efforts by Plaintiff and Plaintiff's counsel in each of these matters to either admit or contest the statements of material facts which Defendants have documented under Rule 56, Fed. R. Civ. P., and Local Civil Rule 56.1(a). Those factual affirmations have been met with silence for four months. As these cases near their third anniversary, Plaintiff's unexcused failures to oppose these dispositive motions have consequences. Those statements of undisputed material facts will, as the rules provide, be deemed undisputed for purposes of those motions, see L. Civ. R. 56.1(a).

14. Accordingly, Plaintiff's request for a further, retroactive, lengthy extension of time to file opposition, untethered to good cause and excusable neglect, will be denied.

IT IS this 18th day of **January, 2017**, hereby

**ORDERED** that Plaintiffs' application to enlarge the time for submitting opposition to the Camden County Defendants'

summary judgment motions in each of the above-captioned cases shall be, and it hereby is DENIED; and it is further

**ORDERED** that the County Defendants' Statements of Undisputed Material Facts [Sosinavage Docket Item 71-1 and Exhibits thereto; and Carmichael Docket Item 63-1 and Exhibits thereto] shall be deemed undisputed for purposes of the County Defendants' summary judgment motions; and it is further

**ORDERED** that the motions will be decided upon the papers timely received without oral argument, pursuant to Rule 78, Fed. R. Civ. P.

_____
JEROME B. SIMANDLE
Chief U.S. District Judge