UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. SOSINAVAGE,<br><br>    Plaintiff,<br><br>    v.<br><br>POLICE CHIEF JOHN SCOTT THOMSON, DEPUTY CHIEF ORLANDO CUEVAS, DEPUTY CHIEF MICHAEL LYNCH, LOUIS VEGA, CITY OF CAMDEN, COUNTY OF CAMDEN, JOHN SCOTT THOMSON POLICE CHIEF OF CAMDEN COUNTY POLICE DEPARTMENT,<br><br>    Defendants. | Civil Action No.  14-CV-3292-JEI-AMD |

## THE COUNTY DEFENDANTS' REPLY BRIEF IN FURTER SUPPORT OF THEIR RENEWED MOTION FOR SANCTIONS

**BROWN & CONNERY, LLP**
Christine P. O'Hearn, Esquire
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
Attorneys for Defendants Camden County, Scott Thomson, Orlando Cuevas, Michael Lynch, and Louis Vega

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................ii

INTRODUCTION ...................................................................................................................1

LEGAL ARGUMENT ............................................................................................................1

I.    JUDGE IRENAS'S JULY 28, 2015 ORDER DISMISSING WITHOUT PREJUDICE THE COUNTY DEFENDANTS' MOTION FOR SANCTIONS HAS NO EFFECT ON THE PRESENT MOTION ..................................................................1

II.    PLAINTIFF HAD A DUTY TO CEASE LITIGATION HIS CLAIMS AFTER DISCOVERY REVEALED THAT HIS POSITION WAS NO LONGER TENABLE. ........................................................................................................................2

III.    THE COUNTY DEFENDANTS WERE NOT REQUIRED TO SERVE MULTIPLE SAFE HARBOR LETTERS ........................................................................................5

CONCLUSION .......................................................................................................................7

## **TABLE OF AUTHORITIES**

### **Federal Statutes, Rules, and Regulations**

Fed. R. Civ. P. 11................................................................................................................1-7

### **Federal Cases**

Balthazar v. Atl. City Med. Ctr.,
    137 F. App'x 482 (3d Cir. 2005) ...............................................................................3

Carlino v. Gloucester City High Sch.,
    57 F. Supp. 2d 1 (D.N.J. 1999) ..................................................................................3

Ellis v. Beemiller, Inc.,
    287 F.R.D. 326 (W.D. Pa. 2012) ...............................................................................3

Gaiardo v. Ethyl Corp.,
    835 F.2d 479 (3d Cir. 1987)......................................................................................2

Gianfrancesco v. Laborers Int'l Union of N. Am. Local 594,
    Civ. A. No. 10-6553, 2013 WL 2296759 (D.N.J. May 24, 2013) ...........................3

Pennsylvania Gen. Energy Co., LLC v. Grant Twp.,
    Civ. A. No.14-209, 2018 WL 306679 (W.D. Pa. Jan 5, 2018)...............................5

Pensiero v. Lingle,
    847 F.2d 90 (3d Cir. 1988).........................................................................................2

Stacey v. City of Hermitage,
    Civ. A. No. 2:02-cv-1911, 2009 WL 689285 (W.D. Pa. Mar. 11, 2009) ..............3, 4

Teamsters Local Union No. 430 v. Clement Exress, Inc.,
    841 F.2d 66, 68 (3d Cir. 1988)..................................................................................2

## INTRODUCTION

Plaintiff's opposition to the County Defendants' motion for sanctions—like Plaintiff's prosecution of this case more generally—is frivolous, as it relies entirely upon misrepresentations, outdated authority, and unsupported allegations. Plaintiff's opposition is comprised of three primary arguments. First, Plaintiff misrepresents the scope and determination of Judge Irenas's prior ruling denying the County Defendants' motion for sanctions without prejudice to argue that it requires the denial of the County Defendants' current motion. Second, citing to outdated case law, Plaintiff argues that the County Defendants' motion should be denied because the complaint was not frivolous <u>at the time it was filed</u>, regardless of whether continued litigation of Plaintiff's claims was frivolous. Finally, Plaintiff, without citing to any case law, asserts that the County Defendant's motion should be denied because the County Defendants were required to serve additional safe harbor letters. As set forth fully below, each of Plaintiff's arguments are unavailing and lack merit. As such, the County Defendants' motion for sanctions should be granted.

## LEGAL ARGUMENT

**I.    JUDGE IRENAS'S JULY 28, 2015 ORDER DISMISSING WITHOUT PREJUDICE THE COUNTY DEFENDANTS' MOTION FOR SANCTIONS HAS NO EFFECT ON THE PRESENT MOTION.**

Plaintiff asserts several times in his second revised opposition brief that Judge Irenas's prior ruling denying the County Defendants' motion for sanctions means that this Court has already decided that Plaintiff satisfied the requirements to avoid Rule 11 sanctions. (<u>See, e.g.</u>, Pl. Opp. Br. [Dkt. #199] at 1). Plaintiff even goes so far as to assert that "Judge Irenas evaluated all of the submissions by all parties and determined that, at that point, Plaintiff's claims were not frivolous." (<u>Id.</u>)  This statement misrepresents the scope and conclusions of Judge Irenas's review of the motion for sanctions.

Judge Irenas's July 28, 2015 Order dismissed the County Defendants' Motion for Sanctions **without prejudice**. Indeed, in the text of the order, Judge Irenas stated, "**[t]he sanctions issue is better determined after Plaintiff has had the opportunity to develop his proofs through discovery**." (Order, dated July 28, 2015 [Dkt. #36] at 4 (emphasis added).) As such, Judge Irenas's ruling was strictly limited to "the pleadings stage." (Id.) The Court did not determine that Plaintiff met the burden necessary to avoid sanctions indefinitely. Rather, the Court dismissed the County Defendants' motion without prejudice and determined that the issue was more appropriate after discovery, not at the pleading stage. Id. Therefore, Judge Irenas's prior order in no way precludes the imposition of sanctions at this time.

## II.  PLAINTIFF HAD A DUTY TO CEASE LITIGATING HIS CLAIMS AFTER DISCOVERY REVEALED THAT HIS POSITION WAS NO LONGER TENABLE.

Plaintiff asserts that the Rule 11 analysis should focus on circumstances that existed at the time his amended complaint was filed and that "[t]here is no continuing duty on counsel to amend or correct a filing based on after-acquired knowledge." (Pl. Opp. Br. [Dkt. #199] at 8.) This is not correct.

In support of his contention, Plaintiff cites to outdated cases that no longer represent the law on the subject. For example, Plaintiff cites to Teamsters Local Union No. 430 v. Clement Express, Inc., 841 F.2d 66, 68 (3d Cir. 1988), Pensiero v. Lingle, 847 F.2d 90, 94–95 (3d Cir. 1988), and Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987) for the proposition that sanctions are only appropriate if the filing of the complaint was frivolous at the time it was filed.

Each case cited by Plaintiff precedes the 1993 Amendments to Rule 11 which created a continuing duty under the rule to cease litigation of claims that are no longer tenable. The 1993 Amendments added the following emphasized language to Rule 11(b): "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, **or later**

2

**advocating it** . . . ." The Advisory Committee Notes explain that "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, **the party has a duty under the rule not to persist with that contention**." Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments (emphasis added). The Advisory Notes provide that while Rule 11(b) does not require formal amendment to pleadings for which evidentiary support is not obtained, it does "call[] upon a litigant not thereafter to advocate such claims or defenses." Id. In other words, the Rule subjects litigants to potential sanctions "for insisting upon a position after it is no longer tenable . . . ." Id.

See also Balthazar v. Atl. City Med. Ctr., 137 F. App'x 482, 490 (3d Cir. 2005) (holding that the District Court properly imposed sanctions when the litigant "insist[ed] upon a position after it [was] no longer tenable"); Gianfrancesco v. Laborers Int'l Union of N. Am. Local 594, No. CIV. 10-6553, 2013 WL 2296759, at *2 (D.N.J. May 24, 2013) ("This duty continues after the initial filing, as 'insisting on a position after it is no longer tenable' also violates the rule."); Carlino v. Gloucester City High Sch., 57 F. Supp. 2d 1, 38 (D.N.J. 1999), aff'd in part, 44 F. App'x 599 (3d Cir. 2002) (imposing sanctions under Rule 11 based on a failure to conduct legal research because the litigant insisted upon a position "no longer tenable"); Ellis v. Beemiller, Inc., 287 F.R.D. 326, 347 (W.D. Pa. 2012) ("The duty of a party to assess the viability of a claim is not measured solely at the time that the claim was filed, but is a continuing one"); Stacey v. City of Hermitage, No. 2:02-CV-1911, 2009 WL 689285, at *4 (W.D. Pa. Mar. 11, 2009) ("[T]here is a duty to obtain evidentiary support for the claims asserted and a continuing duty to abandon untenable legal positions.")

In Ellis, the court imposed sanctions when the litigant continued to file numerous submissions advocating for claims that were no longer tenable. 287 F.R.D. at 347. Similarly, in

3

Stacey, the court imposed sanctions when a plaintiff continued to litigate claims after discovery revealed plaintiff had no evidentiary support for his claims. 2009 WL 689285, at *4. The court in Stacey stated that "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." Id. at *3. In Stacey, the amended complaint constituted a signed pleading which triggered Rule 11. Id. at *4. However, when discovery revealed that plaintiff could not possibly meet his burden to establish the essential elements of his claims, his counsel continued to litigate the claims by filing various papers, including opposition to the defendant's motion for summary judgment. Id. Plaintiff and his counsel's continued litigation warranted sanctions under Rule 11. Id.

Even if Plaintiff and/or his counsel were not aware of the frivolous nature of Plaintiff's claims at the time the second amended complaint was filed, it became evident after discovery was conducted that Plaintiff could not begin to establish the basic elements of his claims. In particular, discovery revealed that: (i) Plaintiff conceded he never worked for or applied to the Camden County Police Department, (ii) Plaintiff was aware of the employment opportunity and made a deliberate decision not to apply, (iii) Plaintiff advocated for a strategy whereby Camden City Police Officers would deliberately not apply for positions, and (iv) Plaintiff told others on multiple occasions that he did not want to work for the Camden County Police Department and would reject a job if offered. (Opinion, dated May 24, 2018 [Dkt. #184] at 17–19.) We agree with this Court in its opinion granting County Defendants' Motion for Summary Judgment that to argue in support of Plaintiff's claims is "legally frivolous." (Id.) Despite being aware that it was impossible for Plaintiff to satisfy the basic elements of his claims, Plaintiff continued to litigate his baseless claims, including filing an Opposition to County Defendants' Motion for

Summary Judgment after repeated delays, resulting in over a year of pending summary judgment motions.

Plaintiff argues in his opposition to the present motion that "[h]aving been previously found not frivolous, and with no further obligation to withdraw any claims the Rule 11 sanctions requested are clearly inappropriate." (Pl. Opp. Br. [Dkt. #199] at 10.) While Plaintiff was not required to formally amend his complaint, he was required to cease litigation of his meritless claims. If no continuing duty existed, Judge Irenas's prior order dismissing the County Defendants' Motion for Sanctions **without prejudice** and stating that the issue is more appropriate after Plaintiff has had "the opportunity the develop his proofs through discovery" would be nonsensical. Rule 11 creates a duty to cease litigating claims that are no longer tenable. Because Plaintiff and his counsel failed to do so, sanctions should be imposed.

### III. THE COUNTY DEFENDANTS WERE NOT REQUIRED TO SERVE MULTIPLE SAFE HARBOR LETTERS.

Finally, Plaintiff asserts multiple times in his second revised opposition brief that the County Defendants were required to file additional Rule 11 letters or notices before renewing the motion for sanctions. (See, e.g., Pl. Opp. Br. [Dkt. #199] at 1). Plaintiff does not cite to any case law to support his contention that the County Defendants were required to serve an additional safe harbor letter.

A recent case addressed this particular issue. In Pennsylvania Gen. Energy Co., LLC v. Grant Twp., the defendant challenged a renewed Rule 11 motion on the basis that it violated the safe harbor provision because the plaintiff sought to rely on the original notice given in the original Rule 11 motion. No. CV 14-209, 2018 WL 306679, at *5 (W.D. Pa. Jan. 5, 2018). The court noted that there is "scant authority as to whether the refiling of substantially the same motion on nearly identical grounds implicates or requires a second safe harbor period." Id. The

court held that the goal of the safe harbor period is met under circumstances in which the renewed motion for sanctions primarily addresses the same subject as the first motion for sanctions. Id.

The goal of the safe harbor provision is likewise satisfied here because the County Defendants' initial safe harbor letter put Plaintiff on notice of the frivolous nature of his claims. The County Defendants' present motion for sanctions addresses the same subject and relies on the same reasoning set forth in the County Defendants' safe harbor letter. (See Declaration of Christine P. O'Hearn, Esq. in Support of County Defendants' Motion for Sanctions, Ex. A, Safe Harbor Letter, dated March 6, 2015 [Dkt. #189-2].) Specifically, the March 6, 2015 safe harbor letter informed Plaintiff and his counsel that his arguments lacked merit because (1) he never applied for employment with the Camden County Police Department, an essential element to a failure to hire claim, (2) the Camden County Police Department never hired any police officer off a "Rice List," (3) Plaintiff did not exhaust his administrative remedies necessary to pursue and ADEA claim, and (4) Plaintiff never expressed any interest in working for the Camden County Police Department and openly advocated for former officers of the Camden City Police Department not to apply. (Id.)

Moreover, Plaintiff knew that the County's Defendant's initial motion for sanctions was denied by Judge Irenas without prejudice and could be re-filed after Plaintiff had an opportunity to conduct discovery. For these reasons, the County Defendants complied with Rule 11's notice requirements when it served the safe harbor letter on March 6, 2015.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the County Defendants' motion for sanctions under Fed. R. Civ. P. 11 and/or the New Jersey Frivolous Claims Statute and award monetary sanctions against Plaintiff and/or his counsel for the County Defendants' attorney's fees and costs incurred in this litigation including the time incurred related to the filing of this motion.

Respectfully submitted,

Dated:   July 9, 2018                 *s/ Christine P. O'Hearn*
Christine P. O'Hearn, Esquire
**BROWN & CONNERY, LLP**
360 Haddon Avenue - P.O. Box 539
Westmont, NJ 08108
E:  cohearn@brownconnery.com
T:  856.854.8900