IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. SOSINAVAGE,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN SCOTT THOMSON, et al.,<br><br>  Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-3292 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Cheryl L. Cooper, Esq.
LAW OFFICES OF CHERYL L. COOPER
342 Egg Harbor Road, Suite 1-A
Sewell, NJ 08080
    Attorney for Plaintiff

Christine O'Hearn, Esq.
BROWN & CONNERY, LLP
360 Haddon Avenue
Westmont, NJ 08108
    Attorney for County Defendants

**SIMANDLE**, District Judge:

I.  **INTRODUCTION**

This matter comes before the Court on a renewed motion for sanctions filed by Defendants County of Camden, Police Chief Thomson, Deputy Chief Cuevas, Deputy Chief Lynch, and Louis Vega in their capacity as employees of the County of Camden and Camden County Police Department (collectively, "the County Defendants") pursuant to Rule 11, Fed. R. Civ. P., and the New Jersey Frivolous Claims Act, N.J.S.A. § 2A:15-59.1. [Docket Item 189.] For the

reasons discussed below, the Court will grant the sanctions motion pursuant to Rule 11 and order that Plaintiff's attorney, Ms. Cheryl L. Cooper, Esq., reimburse the County Defendants' for reasonable fees and expenses, as a deterrent to Rule 11 violations, in an amount to be determined, subject to Ms. Cooper's ability to pay.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

On May 22, 2014, Ms. Cooper initiated this 42 U.S.C. § 1983 action in federal court on behalf of Plaintiff John A. Sosinavage ("Plaintiff"), a former Lieutenant in the Camden City Police Department, against the City of Camden, the County of Camden, and Officers John Scott Thomson, Orlando Cuevas, Michael Lynch, and Louis Vega in their individual and official capacities as employees of both the City of Camden and County of Camden.[2] [Docket Item 1.] Shortly thereafter, an Amended Complaint was filed a matter of right. [Docket Item 4.] The Amended Complaint only asserted § 1983 liability as to the Camden County Defendants "on the basis that the County of Camden took over the City of Camden's Police Department," and "[n]othing in the Amended Complaint alleges any

---

[1] The Court incorporates by reference the factual background and procedural history of this case as described in its earlier decisions, including the May 24, 2018 Opinion granting summary judgment [Docket Item 184], and recounts only those facts necessary for resolution of the pending motion for sanctions.

[2] Around the same time, Ms. Cooper also filed a separate federal action on behalf of Lieutenant Anthony Carmichael, which is also set before the undersigned, Carmichael v. Thomson, et al., 14-3323-JBS-AMD (D.N.J. filed on May 27, 2014).

2

retaliatory action taken by the County against Plaintiff." [Docket Item 24 at ¶ 2.]

On February 17, 2015, Ms. Cooper moved to file a Second Amended Complaint to add claims against the County Defendants based on a failure-to-hire theory of liability for age discrimination under the New Jersey Law Against Discrimination and/or retaliation and Monell claims under § 1983. [See Docket Item 26-2 at ¶¶ 207-44.] Specifically, the Proposed Second Amended Complaint alleged that the County Defendants discriminated against Plaintiff based on age and/or retaliated against Plaintiff by not sending him a letter expressly inviting him to apply for employment with the Camden County Police Department when his name was on a state-wide reemployment list, commonly referred to as a "Rice List." [Id.] The County Defendants opposed the motion to amend on the basis of factual and legal futility. [Docket Item 27.] The County Defendants argued in 2015 that amendment would be futile since Plaintiff was alleging discriminatory failure to hire when "Plaintiff admittedly has never applied for employment with the County Police Department" and, according to the County Defendants, they "indisputably have never used a 'Rice List' to appoint police officers to the County Police Department." [Id. at 4.]

On March 5, 2015, counsel for the County Defendants, Ms. Christine P. O'Hearn, Esq., transmitted a letter to Ms. Cooper demanding that she withdraw all claims against the County

Defendants, including those in the Proposed Second Amended Complaint alleging discrimination and/or retaliation for failure to hire, and advising Ms. Cooper that, if she did not do so, the County Defendants would pursue sanctions under Fed. R. Civ. P. 11, the New Jersey Frivolous Claims Act, and/or other state and federal remedies related to frivolous litigation. [Docket Item 189-3 at 2-3.] Ms. Cooper did not respond to the March 5, 2015 letter, nor did she withdraw any of the proposed claims against the County Defendants. [Docket Item 189-2 at ¶ 3.]

On March 23, 2015, Ms. O'Hearn formally served Ms. Cooper with a Rule 11 motion and notified her of the twenty-one-day safe harbor period within which to withdraw all claims against the County Defendants. [Docket Item 189-3 at 5.] Three days later, Ms. O'Hearn agreed by email to extend the twenty-one-day period for an additional fourteen days as a courtesy, and further stated "[i]f for some reason that is not enough time, let me know and we can discuss at that point." [Docket Item 189-3 at 7-8.] Accounting for the extension of time, the safe harbor period expired on April 27, 2015. [Docket Item 189-2 at ¶ 6.] Ms. Cooper again did not withdraw any proposed claims against the County Defendants. [Id. at ¶ 7.]

On May 1, 2015, the County Defendants filed on the electronic docket a motion for sanctions pursuant to Rule 11, Fed. R. Civ.

P.[3] [Docket Item 29-1.] Ms. Cooper untimely[4] filed an opposition brief to the sanctions motion [Docket Item 32], and the County Defendants filed a reply. [Docket Item 35.]

In an Order dated July 28, 2015, the late Judge Joseph E. Irenas, to whom this case was previously assigned, granted Plaintiff's motion to amend in part and denied without prejudice the County Defendants' motion for sanctions. [Docket Item 36.] With respect to Plaintiff's motion to amend claims against the County Defendants, Judge Irenas found:

> [W]ith regard to the claims involving the alleged Rice List, [the County] Defendants' argument boils down to nothing more than a simple denial of a fact alleged in the Proposed Second Amended Complaint. Such an argument is irrelevant to the inquiry here, which is whether Plaintiff has stated a claim. Plaintiff alleges a Rice List was used; [the County] Defendants assert it was not. Presumably, discovery will reveal which allegation is correct.

[Docket Item 36 at ¶ 5.] In denying the County Defendants' motion for sanctions without prejudice, Judge Irenas further explained: "[the County] Defendants assert Plaintiff's allegation is without

---

[3] The County Defendants explicitly "reserve[d] their right to seek sanctions pursuant to the New Jersey Frivolous Claims statute, N.J.S.A. § 2A:15-59.1, after entry of final judgment." [Id. at n.1.]

[4] As the docket clearly reflects, this was not the first, nor would it be the last, time that Ms. Cooper disregarded a deadline or failed to comply with procedural requirements in this case. The Court need not recount each instance here, except to note that these repeated and prolonged delays by Ms. Cooper increased the County Defendants' time and efforts to defend these claims.

5

evidential support, but this case is only at the pleading stage. **The sanctions issue is better determined after Plaintiff has had the opportunity to develop his proofs through discovery**." [Id. at ¶ 6] (emphasis added). The Second Amended Complaint was filed on October 9, 2015. [Docket Item 44.]

On September 15, 2016, the County Defendants filed a motion for summary judgment on Counts Eight, Nine, and Ten of the Second Amended Complaint. [Docket Item 71.] Through an extraordinary series of delays due to Ms. Cooper's health and other complications, Plaintiff's opposition was not filed until more than one year later, on December 31, 2017. [Docket Item 142.] The County Defendants timely filed a reply brief. [Docket Item 155.] On May 24, 2018, after oral argument, the Court granted summary judgment in favor of the County Defendants on all counts. See Sosinavage v. Thomson, 2018 WL 2357743 (D.N.J. May 24, 2018).

The County Defendants subsequently renewed their motion for sanctions pursuant to Rule 11, Fed. R. Civ. P., and the New Jersey Frivolous Claims Act, N.J.S.A. § 2A:15-59.1, [Docket Item 189], and now seek to recover "the nearly $100,000.00 in taxpayer dollars needlessly incurred in the defense of this four (4) year litigation." [Docket Item 189-1 at 2.] Plaintiff opposes the County Defendants' motion, arguing that Ms. Cooper exercised sufficient due diligence in researching and advancing Plaintiff's claims at the time the Second Amended Complaint was filed and further

6

claiming, rather astonishingly, that "[t]here is no continuing duty on counsel to amend or correct a filing based on after-acquired knowledge." [Docket Item 199 at 8.] For the reasons discussed below, the Court finds little difficulty reaching the inevitable conclusion that Ms. Cooper breached her duties under Rules 11(b)(2) & (3) from the time of her endorsing a clearly-frivolous Second Amended Complaint against the County Defendants and continuing to date, and that sanctions are warranted in this case, and will grant the County Defendants' motion pursuant to Rule 11.[5]

**III. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Indus. Inc., 788 F.2d 151, 157 (3d Cir. 1986). Rule 11 sanctions are "aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable

---

[5] Because the Court will grant the County Defendants' motion pursuant to Rule 11, the Court need not address whether the New Jersey Frivolous Claims Act might also apply.

7

claims." Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002).

To that end, Rule 11(b) requires, in relevant part, that an attorney certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," Fed. R. Civ. P. 11(b)(2), and that "the factual contentions [in any pleading, written motion, or other paper] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Subjective good faith on the part of the attorney is insufficient to avoid sanction. Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987). Rather, Rule 11 "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith." Chambers v. NASCO, Inc., 501 U.S. 32, 47 (1991).

## IV. DISCUSSION

As an initial matter, the Court rejects outright Ms. Cooper's assertion that sanctions are not warranted here because she used sufficient due diligence in researching and advancing Plaintiff's claims at the time the Second Amended Complaint was filed and that "[t]here is no continuing duty on counsel to amend or correct a filing based on after-acquired knowledge." [Docket Item 199 at 8] (citing Teamsters Local Union N. 430 v. Clement Express, Inc., 841

8

F.2d 66, 68 (3d Cir. 1988), Pensiero v. Lingle, 847 F.2d 90, 94-95 (3d Cir. 1988), and Gaiardo, 835 F.2d at 484). To the contrary, Rule 11 establishes an ongoing duty to cease litigation of claims that are no longer tenable. See Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, **or later advocating it**. . . .") (emphasis added). As the Notes of the Advisory Committee (1993 Amendment) explain, "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, **the party has a duty under [Rule 11] not to persist with that contention**. Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses." (emphasis added).

At a minimum, counsel may not continue to rely on a mistaken factual or legal position in subsequent submissions if, after discovery, it becomes obvious that such a position is no longer tenable. See Gaiardo, 835 F.2d at 484 ("Notwithstanding the emphasis on the time of initial submission, however, parties will not be entitled to continuing immunity if they acquire or should acquire knowledge under the Rule's standard before a later filing. Subsequent papers must be judged by information available when they are filed. For example, a defendant's answer may be in the spirit of the Rule at the time of filing, but a motion for summary

9

judgment founded on the same theory may violate the Rule if investigation or research shows that the initial information was incorrect. Liability would be based on circumstances present when the motion is filed, not when the answer was filed."). Thus, even if it were reasonable for Ms. Cooper to have been unaware of the frivolous nature of Plaintiff's claims vis-à-vis the County Defendants when she filed the Second Amended Complaint, which it was not, Ms. Cooper was certainly required under Rule 11 to stop advancing those claims when it because clear through discovery that Plaintiff could not satisfy the prima facie elements of a failure-to-hire claim. Indeed, this is the very scenario the Court anticipated in the July 28, 2015 Order, wherein Judge Irenas dismissed the County Defendants' motion for sanctions without prejudice and explained that, "[t]he sanctions issue is better determined after Plaintiff has had the opportunity to develop his proofs through discovery." [Docket Item 36 at ¶ 6.] The County Defendants had clearly placed Ms. Cooper on notice that her client never sought employment with the Camden County Police Department and that the "Rice List" was not used in recruiting or hiring of any applicants for the new County Police Department. Indeed, Ms. Cooper's client, John Sosinavage, himself possessed the material facts at all relevant times that he had proclaimed he would never seek to work with the new County Police Department and that he, in fact, never applied. Hence, the notion that he was the victim of

discrimination and/or retaliation in the Camden County Police Department's failure to hire him was factually and legally frivolous ab initio. Ms. Cooper could have simply confirmed this with Mr. Sosinavage and averted three years of futile litigation.

This Court is now compelled to conclude that, under the objective standard provided for by Rule 11, Ms. Cooper has failed to come forward with any facts that would justify the allegations against the County Defendants in the Second Amended Complaint or her years-long prosecution of Plaintiff's failure-to-hire case against the County Defendants. As Plaintiff's own deposition testimony revealed: (1) he received an application for the Camden County Police Department and instructions on how to apply via email; (2) he made a conscious decision to not submit an application or questionnaire to the Camden County Police Department; and (3) he told others he did not want to work for the Camden County Police Department and would not accept a position if one had been offered to him. Sosinavage, 2018 WL 2357743, at *6. Ms. Cooper also failed to adduce any evidence that the Camden County Police Department ever hired anyone (from the Rice List or otherwise) who did not apply, with the exception of Chief Thomson himself (who was appointed to lead the new County Police Department), and she has still never cited a single provision of law entitling a Rice List officer to receive an unsought offer of

employment.[6] Id. at *6. Simply, for more than three years, Ms. Cooper pursued a failure-to-hire case against the County Defendants that she knew or should have known was factually and legally frivolous, despite clear warning of precisely these deficiencies in 2015.

As described above, Ms. Cooper was given more-than-adequate notice by the County Defendants that a sanctions motion would be forthcoming. The County Defendants then provided Ms. Cooper with ample time to withdraw or correct Plaintiff's deficient claims against the County Defendants before the safe harbor period had elapsed. The undersigned even gave Ms. Cooper an opportunity to withdraw Plaintiff's failure-to-hire claims against the County Defendants at the very outset of oral argument on the County Defendants' summary judgment motion held on April 20, 2018. [Docket Item 173.] Unfortunately, Ms. Cooper continuously opted against doing so. The situation before this Court is the quintessential case that Rule 11 was designed to handle, a suit without proper factual foundation and one that is legally unreasonable – the truly "exceptional circumstance" distinguishing it from the merely

---

[6] Rather, as the Court previously explained, the Rice List is simply "a civil service procedure whereby law enforcement officers laid off by a government agency for reasons of economy can be placed on the list and are eligible for appointment as a law enforcement officer within the state with preference on the list." Id. at *8 (internal citations omitted).

unsuccessful case. Ford Motor Co. v. Summit Motor Products, Inc._,_ 930 F.2d 277, 289 (3d Cir. 1991).

Having found that plaintiff's counsel has violated Rules 11(b)(2) & (3), the Court must next determine whether to impose a sanction and, if so, what sanction is appropriate under Rule 11(c). Pursuant to Rule 11(c), a court may impose sanctions, including "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Any sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Id.

That there should be a sanction is evident here, arising from the circumstances that include a prolonged assertion of claims having no basis in fact or law, by an attorney, accompanied by countless other delays arising from the attorney's non-responsiveness and failures to appear when required by the court. All of this has had an enormously wasteful effect on the time and expense of this litigation; indeed, all efforts by the County Defendants to defend the entire case would have been unnecessary if counsel had not violated Rule 11, that is, if the case had not proceeded on the demonstrably false premise that the County Defendants discriminated and/or retaliated against Plaintiff by failing to hire him for a position he knew about, disclaimed wanting, dissuaded others from seeking, and never applied for.

Much public expense has been incurred by the County Defendants to meet the charges of Plaintiff's baseless allegations over this prolonged period. Accordingly, this Court finds that it is appropriate to award Rule 11 sanctions to the County Defendants for the reasonable attorney's fees and expenses incurred since the date of filing of the Second Amended Complaint [Docket Item 44], namely, October 9, 2015.[7]

The Court does not determine the precise amount of monetary sanction at this time. The next step requires the County Defendants to submit their counsel's affidavit of fees and expenses justifying the amount sought, particularized in the manner required by Local Civil Rule 54.2, within fourteen (14) days hereof. Ms. Cooper will then have the opportunity to submit any objections as to the amounts claimed, within fourteen (14) days of the filing of the County Defendants' fee petition.

The Court is mindful that Ms. Cooper is a solo practitioner who may have limited financial resources from which to compensate the County Defendants for the fees and expenses they have incurred

---

[7] The Court has considered and ruled out as insufficient other types of sanctions mentioned in Rule 11(c)(4) including nonmonetary directives (which could include, for example, completion of continuing legal education, a letter of apology, or refraining from handling similar cases in the future), or to pay a penalty into court. In its discretion, the Court has determined that the remedy that is necessary and sufficient to redress and to deter future violations by this attorney and others is the requirement to reimburse part or all fees and expenses of defending the case.

in this case. Any monetary sanction under Rule 11 must be sufficient, but not greater than necessary, to address the severity and persistence of the violation and deter future violations by the attorney and others consistent with Rule 11(c)(4). Indeed, among other things, district courts are required "to consider various mitigating factors in their calculation of the total monetary compensation owed by lawyers who have been found to have violated Rule 11," including the sanctioned party's ability to pay. <u>Doering v. Union Cty. Bd. of Chosen Freeholders</u>, 857 F.2d 191, 195 (3d. Cir. 1988). As the Third Circuit has explained:

> Obviously, the deterrent effect of an award of attorney's fees depends on the extent of the sanctioned party's resources. But while a monetary sanction, such as attorney's fees, is clearly an acceptable choice of deterrent, courts must be careful not to impose monetary sanctions so great that they are punitive – or that might even drive the sanctioned party out of practice.

<u>Id.</u> at 195-96. Accordingly, in connection with her filing of any objections to the amounts of the County Defendants' claimed fees and expenses, the Court will permit Ms. Cooper to submit an affidavit (under seal but provided to Ms. O'Hearn as confidential information) addressing her ability to pay, which the Court will consider in determining the appropriate amount of reasonable fees and expenses required as a deterrent to be awarded to the County Defendants and paid by counsel for Plaintiff. This affidavit shall

15

be submitted to the Court and Ms. O'Hearn within fourteen (14) days of the filing of the County Defendants' fee petition.[8]

**V. CONCLUSION**

For the foregoing reasons, the County Defendants' motion for sanctions will be granted pursuant to Rule 11, Fed. R. Civ. P. Consistent with Federal Rule of Civil Procedure 54(d)(2), within fourteen (14) days of entry of the accompanying Order, the County Defendants shall submit a Certification of Counsel of Legal Fees and Expenses incurred in this action, itemized as required in Local Civil Rule 54.2. Within fourteen (14) days of the County Defendant's application, Ms. Cooper shall file a reply on the public docket indicating with specificity each objection, if any, to the amounts requested. Ms. Cooper may also file, at the time of any objections, an affidavit under seal with proper service made to the County Defendants, addressing her ability to pay the amount of fees and expenses requested by the County Defendants. An accompanying Order will follow.

**2/8/2019**                                      **s/ Jerome B. Simandle**
Date                                            JEROME B. SIMANDLE
                                                     U.S. District Judge

---

[8] If counsel claims a reduced ability to pay, at a minimum, the submission shall be accompanied by a copy of the two most recent federal income tax returns. See, e.g., Pope v. Fed. Express Corp., 138 F.R.D. 684, 690 (W.D. Mo. 1990) (court ordered the production of and examined sanctioned attorney's income tax returns for past five years). A profit/loss statement for Plaintiff's counsel's law firm for calendar year 2018, giving a truthful factual basis for the data therein, would also be useful.