IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. SOSINAVAGE, <br><br> Plaintiff, <br><br> v. <br><br> JOHN SCOTT THOMSON, et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil No. 14-3292 (JBS-AMD) <br><br> **MEMORANDUM OPINION AND FINDINGS** |

**SIMANDLE, District Judge:**

This matter is before the Court by way of an unopposed application for reasonable legal fees and expenses [Docket Item 225], filed by Defendants Camden County, Police Chief Scott Thomson, Deputy Chief Orlando Cuevas, and Deputy Chief Michael Lynch in their capacity as employees of the County of Camden and County of Camden Police Department (hereinafter, "the County Defendants") pursuant to the Court's Order dated February 8, 2019 [Docket Item 224], Rule 11, Fed. R. Civ. P, and the New Jersey Frivolous Claims Act, N.J.S.A. § 2A:15-59.1. The Court finds as follows:

1. As relevant here, on February 8, 2019, the Court granted the County Defendants' renewed motion for sanctions and awarded Rule 11 sanctions in favor of the County Defendants and against Plaintiff's attorney, Ms. Cheryl L. Cooper, Esq., for the reasonable attorney's fees and expenses incurred since October 9,

2015, the date of filing of the filing of the Second Amended Complaint. Sosinavage v. Thomson, 2019 WL 494824, at *5 (D.N.J. Feb. 8, 2019). As the Court then summarized: "Simply, for more than three years, Ms. Cooper pursued a failure-to-hire case against the County Defendants that she knew or should have known was factually and legal frivolous, despite clear warning of precisely these deficiencies in 2015." Id. at *4.

2. The Court further noted that, because Plaintiff's attorney, Ms. Cooper, is a solo practitioner, she may have limited financial resources from which to compensate the County Defendants for the fees and expenses they have incurred in this case. Id. at *5. For these reasons, the Court ordered that, within fourteen (14) days of the filing of the County Defendants' fee petition:

> [I]n connection with her filing of any objections to the amounts of the County Defendants' claimed fees and expenses, . . . Ms. Cooper [may] submit an affidavit (under seal but provided to Ms. O'Hearn as confidential information) addressing her ability to pay, which the Court will consider in determining the appropriate amount of reasonable fees and expenses required as a deterrent to be awarded to the County Defendants and paid by counsel for Plaintiff.

Id. The County Defendants' fee petition was filed on February 22, 2019 [Docket Item 225], and Ms. Cooper's opposition and financial hardship affidavit, if any, were initially due on March 8, 2019.

3. On February 25, 2019, Ms. Cooper filed an application requesting a stay of the Court's deadlines contained in the Court's February 8, 2019 Order [Docket Item 227], which the County

2

Defendants opposed. [Docket Item 228.] The stay request cited Ms. Cooper's obligations preparing for trial of another case at that time. Thereafter, the Court denied Ms. Cooper's application for a temporary stay, but granted her motion to enlarge the time to submit opposition to the County Defendants' fee petition to "the date which is fourteen (14) days following the earlier of (a) the resolution of Civil No. 14-cv-5169 (RBK) without trial, or (b) the completion of trial of that case." [Docket Item 229 at 3.] On March 7, 2019, the Honorable Robert B. Kugler entered Judgment in that case and cancelled the trial set for March 11, 2019. [Civ. No. 14-cv-5169, Docket Item 287.] As of March 8, 2019, Ms. Cooper's opposition to the pending fee petition became due on or before March 22, 2019, and Ms. Cooper was notified: "There will be no further extensions of time granted absent emergency." [Docket Item 234.]

4. On March 11, 2019, Ms. Cooper filed a second letter application seeking an extension of time to respond to the County Defendants' fee petition. [Docket Item 235.] On March 13, 2019, the Court denied Ms. Cooper's request, noting that:

> Ms. Cooper has not remotely demonstrated good cause to enlarge the deadline, let alone an emergency, and another extension of time is not appropriate in these circumstances, particularly in light of the prior extension of this deadline and Ms. Cooper's repeated history of missing filing deadlines.

3

[Docket Item 236 at 3.] As the Court stated in this Order, "Plaintiff's opposition to the County Defendants' pending application, if any, shall be filed on or before **March 22, 2019**." [Id.] (emphasis in original).

5. March 22, 2019, came and went. Almost two weeks have passed since the deadline and Ms. Cooper still has not filed **any** opposition as to the reasonableness of the requested costs and attorney's fees (or a financial affidavit addressing ability to pay). The lapse of 40 days to muster opposition to the fee application (which the County Defendants prepared using only 24.60 hours of attorney time as discussed below), has been much more than sufficient. The Court therefore deems the County Defendants' pending fee petition unopposed.

6. The County Defendants have provided biographical information for each attorney who has worked on this matter and detailed records of their attorneys' hours, rates, and services, consistent with Local Rule 54.2. [Docket Item 225-1.] Upon careful review of the County Defendants' comprehensive submission, the Court finds that each attorney's respective billing rate was reasonable and consistent with the norm for such services in this region. Notably, the Court notes that rates of $200 per hour for all attorneys (including Ms. Christine P. O'Hearn, Esq., a seasoned litigator with more than twenty-six years of experience), $95 per hour for law clerks, and $95 for paralegals are substantially

discounted from Brown & Connery, LLP's usual hourly rates of those professionals. [See Docket Item 225 at ¶¶ 9-14.] The Court takes judicial notice that these rates are extremely reasonable for employment/civil rights litigation of this type in this District, see, e.g., Fed. Trade Comm'n v. Circa Direct LLC, 912 F. Supp. 2d 165, 174 (D.N.J. 2012) (finding reasonable hourly rates of $400 for senior partners, $275 for associates with four years of experience, $200 for associates with one year of experience, $150 for law clerks, and $100 for paralegals). The Court finds that the time spent by each attorney was well-documented (see O'Hearn Certification and Ex. A-G attached thereto [Docket Items 225 & 225-1]), reasonable, and necessarily-incurred in defending the County Defendants from Plaintiff's frivolous claims since October 9, 2015.

7. The Court finds that the total hours claimed in counsel's affidavit for provision of legal services in defending this case in the relevant Rule 11 sanction period (namely 388.10 hours for attorneys, 27.50 hours for law clerks, and 1.00 hour for paralegal), totaling 416.60 hours, were well-documented, reasonable, and necessarily-expended during the litigation defending the sanctioned misconduct. The product of the reasonable hours times the reasonable rates equals **$80,187.50**. (O'Hearn Cert. at ¶ 22.)

5

8. Furthermore, the County Defendants seek reimbursement for attorney's fees incurred in preparing their detailed declaration of attorney's fees and costs. The County Defendants have documented 19.00 attorney hours and 5.60 paralegal hours in preparing this fee petition as ordered by the Court's Rule 11 sanctions Order. These hours, totaling 24.60 hours, are reasonable and necessary, and indeed modest, to undertake this task, for which the lodestar is **$4,332.00**. Reasonable attorney's fees in preparing a court-ordered fee petition are reasonable because they are a necessary consequence of the sanctioned conduct. See <u>Interfaith Cmty. Org. v. Honeywell Int'l, Inc.</u>, 2005 WL 1683746, at *8 (D.N.J. June 15, 2005) (awarding attorneys full fees for preparation of supplemental fee application). In sum, the Court finds the County Defendants' request for attorney's fees and expenses in the amount of **$84,519.50** to be reasonable and fair.

9. The County Defendants, as permitted by this Court's Order of February 8, 2019, also seek reimbursement of reasonable expenses incurred defending this case since October 9, 2015. These expenses have been set forth in item-by-item detail in the attachments to the O'Hearn Certification and the Court has examined them. For out-of-pocket costs expended on behalf of the County Defendants, the petition details a total of $4,677.24 during the litigation plus $38.00 in connection with the preparation of the fee petition, for a total of **$4,815.24**, which the Court finds

6

reasonably and necessarily expended by the County Defendants on account of the sanctioned conduct.

10. Therefore, the Court hereby finds that a total award of $89,334.54 (consisting of $84,519.50 in attorney's fees and $4,815.04 in expenses) is the amount reasonable and necessary to address and deter the misconduct. Due to a mathematical discrepancy, the County Defendants sought $100.00 less, or $89,234.54. The Court will reduce the final award accordingly, to the amount requested, **$89,234.54**.

11. **Mitigation and Aggravation**. The Court has considered whether factors are present that should mitigate the award and can find none.

12. First, the Court sua sponte anticipated, without actual knowledge, that Plaintiff's counsel might have a reduced ability to pay, and twice the Court invited Ms. Cooper to submit reliable financial information about her financial ability, under seal. (See Opinion of Feb. 8, 2019 at 15-16 and Order of Feb. 8, 2019 at 1-2, and the Order of Feb. 27, 2019) (eliminating requirement of tax return information)). Ms. Cooper submitted no mitigating financial information.

13. Second, Ms. Cooper likewise submitted no objections to the hours claimed and fees and expenses sought and the Court's own review revealed no inconsistencies or unreasonable billing practices or duplication of efforts. To the contrary, the defense

7

efforts were streamlined, with a single associate (Benjamin Teris, Esq.) accounting for 235.10 of the total 416 litigation hours, while the lead attorney (Ms. O'Hearn) billed 93.10 hours.

14. Third, while any objection to the hourly rates has been waived, the Court observes that they are well below market and well below the customary rates for the Brown & Connery law firm, which has agreed to discount its rates to the public entity of Camden County, its officers, and employees. This is well-explained in Ms. O'Hearn's Certification at ¶¶ 9-16. For example, Ms. O'Hearn's usual hourly rate is $350.00 to $425.00; in this case, it is $200.00. (Id. at ¶ 9.) Further, the rates for partners, associates, law clerks, and paralegals charged to Camden County herein are well below area market rates. (See Certification of John L. Slimm, Esq. [Docket Item 225-1 at Ex. D].) Mr. Slimm is an attorney practicing in New Jersey, largely in complex litigation defending professionals, for almost 50 years; he is well qualified by his direct experience to express an opinion on market rates for counsel in cases of this type. He opines that typical market rates for partners of Ms. O'Hearn's experience range from $325.00 to $500.00, and for associates defending employment cases the typical range is $200.00 to $300.00. (Id.) I credit Mr. Slimm's opinions as representing the area market for defense counsel defending employment cases, and as further proof of the conservative fees being charged by Brown & Connery herein.

15. Finally, counsel has certified that Camden County has paid these fees, as billed, for the litigation defense and are expected to pay the fees for preparation of the fee application. A public entity thus has been required to expend approximately $90,000 based on the legally-frivolous Second Amended Complaint and the public entity (i.e., taxpayers) is entitled to due consideration.

16. **Conclusion**. In short, all these factors support the reasonableness of this award and, for the reasons explained above, the Court will enter Judgment in favor of the County Defendants and against Ms. Cheryl L. Cooper, Esq. and Law Offices of Cheryl L. Cooper in the amount of **$89,234.74**.

17. The accompanying Order will be entered.


**April 4, 2019**                           **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                               U.S. District Judge