UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. SOSINAVAGE,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN SCOTT THOMSON, et al.,<br><br>        Defendants. | HONORABLE NOEL L. HILLMAN<br><br>Civil No. 14-3292 (NLH-AMD)<br><br>**MEMORANDUM OPINION**<br>**UPON RECONSIDERATION** |

**HILLMAN,** District Judge:

    1.   This matter comes before the Court by way of Plaintiff's motion [Docket Item 244] seeking reconsideration of the Memorandum Opinion and Findings as well as the Judgment of April 4, 2019 [Docket Items 239 & 240], entered in this case by the late Honorable Jerome B. Simandle, U.S.D.J, (See Sosinavage v. Thomson, No. 14-3292, 2019 WL 1493226 (D.N.J. Apr. 4, 2019); Judgment [Docket Item 240].) In his April 4, 2019 Memorandum Opinion and Judgment, Judge Simandle granted County Defendants' unopposed application for legal fees and expenses and entered judgment in favor of the County of Camden and against Ms. Cheryl L. Cooper, Esq. and the Law Offices of Cheryl L. Cooper in the amount of $89,234.74 pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.2. (See id.; Certification of County Defs.' [Docket Item 225].) County Defendants oppose Plaintiff's present motion and seek additional fees and costs incurred

subsequent to Judge Simandle's prior Judgment awarding fees and costs. (See County Defs.' Opp'n [Docket Item 254].) For the following reasons, the Court will deny Plaintiff's present motion.

2. **Factual and Procedural Background.** Numerous prior Opinions have detailed the lengthy factual and procedural history of this case and the underlying motion, see Sosinavage v. Thomson, No. 14-3292, 2018 WL 2357743, at *2-4 (D.N.J. May 24, 2018); Sosinavage v. Thomson, No. 14-3292, 2019 WL 494824, at *1-3 (D.N.J. Feb. 8, 2019); Sosinavage v. Thomson, No. 14-3292, 2019 WL 1493226 (D.N.J. Apr. 4, 2019). Therefore, as the Court writes primarily for the parties, this Opinion will not repeat that entire history here, except for those procedural facts necessary for the determination of the present motion. As Judge Simandle previously stated:

> on February 8, 2019, the Court granted the County Defendants' renewed motion for sanctions and awarded Rule 11 sanctions in favor of the County Defendants and against Plaintiff's attorney, Ms. Cheryl L. Cooper, Esq., for the reasonable attorney's fees and expenses incurred since October 9, 2015, the date [] of the filing of the Second Amended Complaint. Sosinavage v. Thomson, 2019 WL 494824, at *5 (D.N.J. Feb. 8, 2019). As the Court then summarized: "Simply, for more than three years, Ms. Cooper pursued a failure-to-hire case against the County Defendants that she knew or should have known was factually and legal frivolous, despite clear warning of precisely these deficiencies in 2015." Id. at *4.

2

Sosinavage v. Thomson, No. 14-3292, 2019 WL 1493226, at *1 (D.N.J. Apr. 4, 2019). Furthermore, at the time that Judge Simandle granted County Defendants' motion for sanctions, Judge Simandle noted that "because Plaintiff's attorney, Ms. Cooper, is a solo practitioner, she may have limited financial resources from which to compensate the County Defendants for the fees and expenses they have incurred in this case." Id. Therefore, Judge Simandle

> permit[ted] Ms. Cooper to submit an affidavit (under seal but provided to Ms. O'Hearn as confidential information) addressing her ability to pay, which the Court will consider in determining the appropriate amount of reasonable fees and expenses required as a deterrent to be awarded to the County Defendants and paid by counsel for Plaintiff.

Sosinavage v. Thomson, No. 14-3292, 2019 WL 494824, at *5 (D.N.J. Feb. 8, 2019). Judge Simandle ordered that any such affidavit was due to the Court and to Defendant's counsel within fourteen (14) days of the filing of the County Defendants' fee petition. Id.

3. County Defendants filed their fee petition [Docket Item 225] on February 22, 2019, which meant that any opposition or financial hardship affidavit was due by March 8, 2019. On February 25, 2019, Ms. Cooper requested a stay of the deadlines in this case due to her obligations to prepare for an impending trial in another case. (See Letter [Docket Item 227].) County

3

Defendants opposed this request. (See Letter [Docket Item 228].) Judge Simandle then denied Ms. Cooper's request for a stay of this case,

> but granted her motion to enlarge the time to submit opposition to the County Defendants' fee petition to "the date which is fourteen (14) days following the earlier of (a) the resolution of Civil No. 14-cv-5169 (RBK) without trial, or (b) the completion of trial of that case." [Docket Item 229 at 3.] On March 7, 2019, the Honorable Robert B. Kugler entered Judgment in that case and cancelled the trial set for March 11, 2019. [Civ. No. 14-cv-5169, Docket Item 287.] As of March 8, 2019, Ms. Cooper's opposition to the pending fee petition became due on or before March 22, 2019, and Ms. Cooper was notified: "There will be no further extensions of time granted absent emergency." [Docket Item 234.]
>
> On March 11, 2019, Ms. Cooper filed a second letter application seeking an extension of time to respond to the County Defendants' fee petition. [Docket Item 235.] On March 13, 2019, the Court denied Ms. Cooper's request, noting that:
>
>> Ms. Cooper has not remotely demonstrated good cause to enlarge the deadline, let alone an emergency, and another extension of time is not appropriate in these circumstances, particularly in light of the prior extension of this deadline and Ms. Cooper's repeated history of missing filing deadlines.
>
> [Docket Item 236 at 3.] As the Court stated in this Order, "Plaintiff's opposition to the County Defendants' pending application, if any, shall be filed on or before **March 22, 2019**." [Id.] (emphasis in original).

4

Sosinavage v. Thomson, No. 14-3292, 2019 WL 1493226, at *1-2 (D.N.J. Apr. 4, 2019). Judge Simandle then filed his opinion granting County Defendants' fee petition on April 4, 2019, nearly two weeks after the March 22, 2019 deadline, by which time Ms. Cooper had still not filed any papers in opposition to the petition nor any financial hardship affidavit. Id. at *2. Therefore, Judge Simandle treated the petition as unopposed and found that the amount requested by County Defendants, $89,234.54, was "reasonable and necessary to address and deter the misconduct." Id. at *3. Judge Simandle then found that no factors were present that would lead the Court to mitigate the award, and therefore granted the sum in full. Id. at *3-4. Plaintiff filed the instant motion on May 2, 2019.

4. **Standard of Review.** To prevail on a motion for reconsideration under Federal Rule of Civil Procedure 59(e), the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F. 3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou—Ann, Inc. v. Quinteros, 176 F. 3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is

5

high and relief is to be granted sparingly. U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). A motion for reconsideration may properly ask a court to clarify an apparent discrepancy between the underlying opinion and order, as in this case, because such a motion does not reargue the merits or ask the court to consider positions that have already been rejected.

5. Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b). The Court of Appeals for the Third Circuit has explained that

> the determination whether a party's neglect is "excusable" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file. The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

George Harms Const. Co., Inc. v. Chao, 371 F. 3d 156, 163 (3d Cir. 2004) (quoting Pioneer Investment Services v. Brunswick Assoc., 507 U.S. 380, 395 (1993)).

6. **Discussion.** Plaintiff's papers assert that the present motion is brought for relief under Federal Rule of Civil

6

Procedure 59(e), though Plaintiff does not endeavor to analyze any of the three permissible bases for relief under that Rule, as described, supra. (See Pl.'s Mot. [Docket Item 244].) Neither does the Court see any evidence that there has been "an intervening change in the controlling law," or that there is now "new evidence that was not available" when Judge Simandle entered Judgment in question, or that there is a "need to correct a clear error of law or fact or to prevent manifest injustice." U.S. ex rel. Shumann, 769 F. 3d at 848-49 (citing Max's Seafood Café ex rel. Lou—Ann, Inc., 176 F. 3d at 677 (3d Cir. 1999)).

7. However, Plaintiff argues that Judge Simandle's award of fees should be revisited because Ms. Cooper engaged in "excusable neglect," which may permit the filing of late papers under Federal Rule of Civil Procedure 6(b)(1)(B)[1] and may justify relief under Rule 60(b)(1), as described, supra. (See Pl.'s Mot. [Docket Item 244].) In support of her application for relief due to excusable neglect, Ms. Cooper filed a Declaration asserting that at the time she was allowed to submit a financial hardship affidavit to the Court, she was distracted by the

---

[1] Federal Rule of Civil Procedure 6(b)(1)(B) reads in relevant part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

7

requirements of an impending trial and did not realize that the email notification that she received regarding Judge Simandle's Order of February 27, 2019, denying her request to stay the deadlines in this case, but granting an extension of the relevant filing deadline, and removing a requirement that any financial hardship affidavit must be accompanied by a copy of Ms. Cooper's tax returns, was not in fact the full text of Judge Simandle's Order, but rather only the caption for that document as it appears on the docket. (See Cooper Dec. [Docket Item 244-2], ¶ 17.)

8. Ms. Cooper also asserts that in early 2019 she was negatively impacted by a change of her medical insurance carrier, which made it more difficult for her to get care for certain medical conditions, the details of which have been submitted to the Court under temporary seal. (See id. at ¶¶ 2-15.) Ms. Cooper's explanation for how she, as an experienced attorney who has worked with the District of New Jersey's electronic filing system for many years, failed to realize that the email notification was not the full text of Judge Simandle's Order appears to be that when the Court issues "Text Orders" the full language of such an order is contained within the email notifications sent to counsel. (See id.) Due to this, Ms. Cooper asserts that she did not know that she was allowed to

file a financial hardship affidavit without a copy of her tax returns. (See id.)

9. This explanation strains credulity. Notwithstanding the stresses of Ms. Cooper's other cases and notwithstanding her medical conditions, the Court notes that Ms. Cooper has years of experience litigating in this District and she has provided no explanation as to why she only now, in the context of the underlying motion for sanctions, realized that email notifications regarding documents filed on the docket do not always contain the full text of those documents.[2] Furthermore, if Ms. Cooper's financial situation were as limited as she would have the Court believe, it is difficult to understand why she would not have checked and double-checked the docket and all docket items related to this issue, especially after the matter scheduled for trial before Judge Kugler had concluded.

10. The Court finds that the equities do not weigh in favor of granting Plaintiff's requested relief and that any neglect shown by Ms. Cooper was not "excusable." County Defendants' brief in opposition to the present motion cites a litany of cases from courts within the Third Circuit that have held that an attorney's failure to notice or fully read

---

[2] The Court notes that some document captions are only single words, e.g. "Letter," and the Court cannot believe that Ms. Cooper assumed that such a single word was the complete filing in such an instance.

documents filed on the docket simply does not constitute "excusable neglect." (See County Defs.' Opp'n [Docket Item 254], 11-13 (citing Ragguette v. Premier Wines & Spirits, 691 F.3d 315 (3d Cir. 2012); Capers v. FedEx Ground Package Sys., Inc., No. 02-5352, 2012 WL 5818137 (D.N.J. Nov. 15, 2012) (Martini, J.); In re Glob. Indus. Techs., Inc., 375 B.R. 155 (Bankr. W.D. Pa. 2007); Synalloy Corp. v. Gray, 831 F. Supp. 351 (D. Del. 1993); In re Kaplan, 482 F. App'x 704 (3d Cir. 2012); In re Woskob, 96 F. App'x 794 (3d Cir. 2004)).)

11. Regarding the "danger of prejudice" factor, Plaintiff bluntly states that "[t]here is no prejudice to the [County] Defendants" were the Court to permit a further delay of this case in order to review Ms. Cooper's late-filed financial documents. (See Pl.'s Br. [Docket Item 244], 3.) Plaintiff's brief does not explain why this is allegedly so; rather, the contention is asserted without any factual or legal support. (See id.) County Defendants assert in response that as a result of Ms. Cooper's failure to timely file her financial information and her subsequent choice to file the present motion, County Defendants have been required to spend even more time and financial resources litigating this case, which Judge Simandle has already ruled was so frivolous as to justify awarding County Defendants all of their attorneys' fees and costs from the time Plaintiff filed the Second Amended Complaint. (See County Defs.'

Opp'n [Docket Item 254], 19-20.) County Defendants therefore further assert that they are entitled to an award of the fees and costs incurred by them in responding to the present motion. (See id. (citing Clark v. Phila. Hous. Auth., No. 93-4890, 1995 WL 129208 (E.D. Pa. Mar. 24, 1995), aff'd sub nom. Smith v. Phila. Hous. Auth., 79 F.3d 1139 (3d Cir. 1996); United States v. $46,000 in U.S. Currency, No. 02-6805, 2005 WL 555370 (E.D. Pa. Mar. 7, 2005)).) The Court agrees that County Defendants have been prejudiced by requiring them to continue to expend resources litigating a case that has already been held frivolous by Judge Simandle. Accordingly, this factor weighs against a finding of "excusable neglect" in this instance. Furthermore, the Court will grant County Defendants' request to submit a supplemental certification of counsel detailing additional fees and costs incurred by County Defendants since Judge Simandle's prior Judgment awarding fees and costs.[3]

12. Neither Plaintiff nor County Defendants specifically address the "length of the delay" factor and the Court finds

---

[3] Plaintiff objects to the award of any additional fees and costs. (See Pl.'s Reply [Docket Item 260-1], 13.) However, the Court is denying Plaintiff's present motion in part because the Court has held that County Defendants continue to suffer prejudice from being required to expend even more resources on a case that has been held to be frivolous. Therefore, County Defendants will be permitted to request additional fees and costs, though Plaintiff will also be permitted to object to such requested fees and costs and Ms. Cooper shall also be permitted to file a financial hardship affidavit.

11

that the period of time between the deadline for Ms. Cooper to have submitted her financial documents, March 22, 2019, and the date that she filed the present motion seeking to submit such documents out of time, May 2, 2019, is a substantial period of time, especially given the prolonged history of this case due in large part to Ms. Cooper's repeated failure to meet deadlines set by the Court, as detailed in Judge Simandle's prior Opinions. Therefore, this factor weighs against a finding of "excusable neglect."

13. Regarding the "reason for the delay" factor, the Third Circuit held in Raguette that neither failure to pay close attention to the court's electronic filing system, nor an attorney's busy caseload — including necessary preparations for impending trials in other matters — are reasons for delay that weigh in favor of finding excusable neglect. 691 F.3d 315, 329-30 (citing Nara v. Frank, 488 F.3d 187 (3d Cir. 2007); Pedereaux v. Doe, 767 F.2d 50 (3d Cir. 1985)). Therefore, the Court finds that Ms. Cooper's excuse that she did not read Judge Simandle's full Order of February 27, 2019, but only the docket caption contained in her email notification, cannot and does not weigh in favor of a finding of "excusable neglect."

14. County Defendants assert that Ms. Cooper has not exhibited good faith with respect to the submission of her financial documents, in part because she initially sought, and

received, an extension of the deadline for filing her financial documents but then simply failed to file anything, and now argues that she did not know she was permitted to file such documents. (See County Defs.' Opp'n [Docket Item 254], 18-19.) Ms. Cooper responds that the medical conditions she has described are asserted in good faith as a basis for her requested relief. (See Pl.'s Reply [Docket Item 260-1], 13.) However, this is beside the point. Without questioning the accuracy of Ms. Cooper's representations regarding her medical conditions, the Court finds that she has failed to exhibit good faith with regard to the submission of her financial documents, as she sought an extension of time from Judge Simandle, subsequently received an extension of time, and then failed to make any filing whatsoever and now claims that she never knew that she was permitted to make such a filing. This smacks of gamesmanship not good faith. Ms. Cooper has failed to explain why her medical diagnoses, or any other reasonable explanation, support such a tenuous history of events. The Court therefore finds that this factor does not weigh in favor of a finding of "excusable neglect" in this instance.

15. The Third Circuit has provided further elucidation of factors to weigh in determining the existence of "excusable neglect":

> (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, Campbell v. Bowlin, 724 F.2d 484 (5th Cir. 1984) (failure to read rules of procedure not excusable); (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, Airline Pilots v. Executive Airlines, Inc., 569 F.2d 1174 (1st Cir. 1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, United States v. Commonwealth of Virginia, 508 F. Supp. 187 (E.D. Va. 1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable); (4) whether the inadvertence reflects a complete lack of diligence, Reinsurance Co. of America, Inc. v. Administratia, 808 F.2d 1249 (7th Cir. 1987); or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Consol. Freightways Corp. of Delaware v. Larson, 827 F.2d 916, 919 (3d Cir. 1987). The Court shall address these additional factors in turn below.

16. The Third Circuit's "professional incompetence" factor corresponds with the general "reason for the delay" factor discussed, supra. This factor again weighs against a finding of "excusable neglect" in this instance.

17. County Defendants assert that Plaintiff's reason for not timely filing Ms. Cooper's financial documents are "easily manufactured and incapable of verification." (See County Defs.' Opp'n [Docket Item 254], 13-16.) Specifically, County

Defendants take issue with Ms. Cooper's litigation and employment history without citation to any case that would explain why County Defendants' allegations regarding these issues are related to the easy manufacture or verifiability of Ms. Cooper's excuse for not timely filing her financial documents in this instance. (See id.) Rather, the Court will analyze the substance of Ms. Cooper's excuse itself: that she was unaware until this event took place that the email notifications she receives regarding electronic docket filings do not always contain the full text of the documents so filed and that she must actually read the documents as filed on the docket to get the full text. (See Cooper Dec. [Docket Item 244-2], ¶ 17.) The Court finds that this is the type of excuse that is much easier to assert than it is for the Court to verify. While Ms. Cooper asserts that another client of hers can attest to the fact that she has made this mistake in another case, (see id. at ¶ 16), the Court has not been presented with any verification that Ms. Cooper was actually unaware until this episode that she could not rely only upon the email notifications of electronic docket filings, but rather that she was required to read the docket and its documents in full. Given the length of time that Ms. Cooper has been practicing law in federal court, the Court cannot believe that this is true

simply on the assertions of Ms. Cooper alone.  Therefore, this factor weighs against a finding of "excusable neglect."

    18.  Regarding foreseeability, as described, supra, Ms. Cooper sought an extension of time to file her financial documents due to an impending trial before Judge Kugler, and was granted such by Judge Simandle on February 27, 2019. (See Letter [Docket Item 227]; Order [Docket Item 229].)  Judge Simandle's Order granting Ms. Cooper's request for an extension of time clearly stated that the new deadline would be fourteen (14) days after the resolution of the case before Judge Kugler. (See Order [Docket Item 229], 3.)  Ms. Cooper was then informed, at the resolution of the case before Judge Kugler, of the new deadline for submitting documents pertaining to Judge Simandle's Order for sanctions. (See Text Order [Docket Item 234].)  Here, Ms. Cooper argues that Judge Simandle's Order granting Ms. Cooper's own request was not foreseeable. (See Pl.'s Reply [Docket Item 260-1], 10.)  This cannot be true.  Ms. Cooper actively sought relief from the Court in writing and, two days later, the Court responded to her request.  While it is certainly true that Ms. Cooper could not foresee the exact date upon which Judge Simandle would rule on her request, it certainly must have been foreseeable to Ms. Cooper that Judge Simandle would rule on Ms. Cooper's written request in a timely manner.  Ms. Cooper further argues that changes to her medical insurance coverage were not

foreseeable, but she does not tell the Court how much forewarning she was given of the impending change, nor does she detail her attempts to proactively ascertain what impact such a change in medical insurance coverage might have on her medical care, or how she could mitigate such impacts prior to them impacting her, nor does Ms. Cooper affirmatively and clearly declare that she was impacted by these changes on February 27, 2019 when she allegedly failed to understand that Judge Simandle's Order contained more information than just the docket caption as transmitted to Ms. Cooper by email notification. (See Cooper Dec. [Docket Item 244-2].) Therefore, this factor does not weigh in favor of finding "excusable neglect" in this instance.

19. For the litany of reasons detailed, supra, the Court finds that Ms. Cooper's "inadvertence reflects a complete lack of diligence" on her part. Therefore, this factor does not weigh in favor of finding "excusable neglect."

20. For the same reasons as previously explained, supra, the Court finds that the "good faith" factor does not weigh in favor of finding "excusable neglect."

21. In sum, there are no factors weighing in favor of deeming Ms. Cooper's failure to timely file her financial documents to be "excusable neglect." Therefore, the Court shall not grant the requested relief under either Rule 6 or Rule 60.

22. **Conclusion.** For the reasons explained above, Plaintiff's motion for reconsideration [Docket Item 244] will be denied. An accompanying Order will be entered.

**November 12, 2019**        **s/ Noel L. Hillman**
Date                          NOEL L. HILLMAN
                              U.S. District Judge

At Camden, New Jersey