**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOHN A. SOSINAVAGE,

             Plaintiff,

    v.

POLICE CHIEF JOHN SCOTT
THOMSON, et al.,

            Defendants.

1:14-cv-03292-NLH-AMD

**OPINION**

**APPEARANCES:**

CHERYL L. COOPER
LAW OFFICES OF CHERYL L. COOPER
342 EGG HARBOR RD
SUITE A-1
SEWELL, NJ 08080

    *On behalf of Plaintiffs*

LILIA LONDAR
HOLZMAN MCCLAIN & LONDAR, PC
524 MAPLE AVE
SUITE 200
LINWOOD, NJ 08221

JOHN C. EASTLACK, JR.
WEIR & PARTNERS LLP
215 FRIES MILL ROAD
2ND FLOOR
TURNERSVILLE, NJ 08012

    *On behalf of County Defendants*

**HILLMAN**, District Judge

    Pending before this Court is the issue of the appropriate

amount of additional sanctions to be assessed against Plaintiffs' counsel, Cheryl L. Cooper, Esq. and the Law Offices of Cheryl L. Cooper.  For a comprehensive description of the nature of these actions and a recitation of their procedural histories, see the Court's Opinion in Civil No. 14-3292, Docket No. 277.  That Opinion denied Cooper's motion for reconsideration of sanctions imposed by the late Honorable Jerome B. Simandle, U.S.D.J.  (See Apr. 4, 2019, Docket No. 240.)

In his April 4, 2019 Memorandum Opinion, Order and Judgment, Judge Simandle granted County Defendants' unopposed application for legal fees and expenses and entered judgment in favor of the County of Camden and against Cheryl L. Cooper, Esq. and the Law Offices of Cheryl L. Cooper in the amount of $89,234.74 pursuant to Fed. R. Civ. P. 11 and 54 and Local Civil Rule 54.2.  This Court denied Cooper's motion for reconsideration of the imposition of that sanction.  (Docket No. 277, 278.)  In the Order, the Court permitted the County Defendants to file a supplementary certification of counsel in support of additional fees and costs incurred in this case after the date of Judge Simandle's prior Judgment regarding fees and costs.  The County Defendants filed a supplementary certification seeking $10,642.08 in additional fees and costs. (Docket No. 280.)

2

This Court allowed Cooper to file objections to the supplementary certification of County Defendants' counsel and to file a financial hardship affidavit, under the same terms permitted by Judge Simandle's prior Order.  Cooper did so. (Docket No. 284.)

At this time, the Court will consider Cooper's supplemental certification and financial hardship application in support of her request that the Court not impose additional sanctions.[1]

The primary purpose of a Rule 11 sanction is deterrence of abuses of the legal system.  Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988).  "Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction (as well as the initial decision whether to impose such a sanction) should

---

[1] It appears from Cooper's affidavit that she again seeks the reduction of the amount of sanctions imposed by Judge Simandle on April 4, 2019, rather than limit the inquiry into whether this Court should impose additional sanctions requested by Defendants arising from Cooper's motion for reconsideration of the original sanction.  This Court has already denied Cooper's Motion for Reconsideration and declined to revisit the late-Judge Simandle's thoughtful and comprehensive assessment and imposition of a $89,234.74 sanction and judgment in Defendants' favor.  That decision is the law of the case.  Moreover, Cooper cites no legal or factual basis to reconsider the Judgment previously imposed or the denial of her motion for reconsideration.  What Cooper apparently wants, without any justification, is three bites at the same apple.  Accordingly, both substantively and procedurally the only issue raised by Cooper's current affidavit is whether additional sanctions should be imposed.

3

be guided by equitable considerations." <u>Doering</u>, 857 F.2d at 195.  A district court must "consider various mitigating factors in their calculation of the total monetary compensation owed by lawyers who have been found to have violated Rule 11," and a "particularly relevant equitable factor is the sanctioned party's ability to pay."  <u>Id.</u>  "[C]ourts must be careful not to impose monetary sanctions so great that they are punitive - or that might even drive the sanctioned party out of practice." <u>Id.</u> (citing <u>Napier v. Thirty or More Unidentified Federal Agents</u>, 855 F.2d 1080, 1094 n.12 (3d Cir. 1988) ("[T]he court may consider the relative wealth of the parties in determining the final amount in order to insure that 'a losing party is not subjected to financial ruin.'")).

Here, in her affidavit, Cooper describes the state of her financial situation personally and professionally.  With regard to her legal practice, Cooper declares that since 2014, when she opened her small law practice, she has never taken a salary. Cooper further states that the original $89,234.74 sanction is more than she earned in 2017 and 2018 combined.  (Docket No. 284.)

The Court has reviewed Cooper's tax returns and finds that they generally support those representations.  The Court also acknowledges the personal financial hardships presented in

4

Cooper's affidavit.[2]

This Court does not take lightly Cooper's conduct which warranted the imposition of an $89,234.74 sanction.[3]  The Court also recognizes that the amount of the sanction is based on the fees that defense counsel actually incurred as a result of Cooper's actions and represents real harm to the Defendants. The Court further notes that the wasteful expenditure of judicial resources due to Cooper's conduct cannot be recompensed by any sanction.  This includes Cooper's subsequent motion for reconsideration of Judge Simandle's order which the Court found wholly lacking in merit, and the additional $10,642.08 in fees and costs incurred by Defendants as a result.

Nevertheless, as directed by the Third Circuit, this Court must consider Cooper's ability to pay $10,642.08 in addition to the $89,234.74 sanction, and determine whether such sanction is "so great that [it is] punitive."  <u>Young v. Smith</u>, 905 F.3d 229,

---

[2] Cooper's affidavit was filed under seal.  In assessing Cooper's request to reduce the sanction award, it is unnecessary to publicly reveal Cooper's personal information.  Suffice it to say here that while the affidavit is not a true and full financial statement and lacks details regarding assets and liabilities, the disclosure as a whole supports the conclusion that additional sanctions represent a financial hardship.

[3] Judge Simandle's April 4, 2019 Opinion imposing sanctions on Cooper summarized, "Simply, for more than three years, Ms. Cooper pursued a failure-to-hire case against the County Defendants that she knew or should have known was factually and legal frivolous, despite clear warning of precisely these deficiencies in 2015."  (Docket No. 239 at 2.)

237 (3d Cir. 2018).  With those two considerations in mind, the Court finds it would not be, on whole, equitable to impose an additional sanction because of Cooper's documented inability to pay the original sanction.  The Court further finds that if additional sanctions were imposed, such an award would rise to the punitive level.

Consequently, the Court will decline to grant the County Defendants' request for additional sanctions.  The original Judgment in the amount of $89,234.74 remains intact.  An appropriate Order will be entered.[4]

Date: September 1, 2021                s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[4] On October 30, 2020, this Court denied without prejudice summary judgment motions filed by Defendants in this action and in the companion action, Carmichael v. Police Chief Scott Thompson, Civil No. 14-3323 (NLH/AMD), in which Cooper also serves as Plaintiff's counsel, pending the Magistrate Judge's resolution of Cooper's motion to withdraw in both actions.  The Court stated that Defendants would be permitted to refile their motions after Cooper's motion to withdraw was resolved.  On August 24, 2021, the Magistrate Judge denied without prejudice Cooper's most recent motion to withdraw as counsel.  (Docket No. 321 (under seal), 322 (redacted).)  One reason for the denial of Cooper's motion was that Cooper's therapist's note did not demonstrate Cooper's inability to file oppositions to summary judgment motions.  In that regard, as provided in the accompanying Order, Defendants will be permitted to refile their motions for summary judgment.  Cooper will be directed to file responses to Defendants' motions for summary judgment as appropriate under the Federal and Local Rules of Procedure and in her professional obligation as counsel for Plaintiffs.